UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

KADEEM HARRIS, 10-B-1512,

             Petitioner,

      -v-                             13-CV-950(MAT)
                                        **DECISION AND ORDER**

MICHAEL SHEAHAN,

             Respondent.

─────────────────────────────────

## I.   Introduction

Pro se petitioner Kadeem Harris ("Petitioner") seeks relief pursuant to 28 U.S.C. § 2254 alleging that his judgment of conviction of Robbery in the First Degree, N.Y. Penal L. § 160.15(2), entered in Erie County Court (Pietruszka, J.), was unconstitutionally obtained.

## II.  Factual Background and Procedural History

Petitioner was charged by a Superior Court Information in Erie County Court with Robbery in the First Degree, see N.Y. Penal L. § 160.15(2).[1]  The single charge served as a plea package that encompassed eight felony charges incurred in three separate incidents between the months of April and July, 2009, including Criminal Possession of a Weapon, Felony Assault,

─────────────────────────

[1] The offense underlying Petitioner's conviction involved Petitioner and another participant forcibly stealing two gold necklaces from the victim while armed with a deadly weapon. The victim sustained injuries from a gunshot wound sustained when he struggled with Petitioner over the gun.

Reckless Endangerment, Criminal Possession of Stolen Property, and Unauthorized Use of a Vehicle. On October 8, 2009, Petitioner entered a plea of guilty to Robbery in the First Degree. Plea Tr. 10/8/2009 at 2-12.

The record further reflects that the bargained-for plea negotiated by Petitioner's counsel at the time was pursuant to People v. Farrar, 52 N.Y.2d 302 (1981), with an agreed-upon determinate term of imprisonment of nine and one-half years followed by five years of post-release supervision. Sentencing Tr. 5/17/2010 at 3-4. Petitioner retained new counsel for his sentencing proceedings.

Petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, on the grounds of: ineffective assistance of counsel at sentencing; invalid waiver of appeal; and harsh and excessive sentence. Pet'r App. Br. (Resp't Ex. B). On April 27, 2012 the Appellate Division unanimously affirmed the judgment of conviction, and leave to appeal to the New York State Court of Appeals was denied on June 22, 2012. People v. Harris, 94 A.D.3d 1484 (4th Dept.); lv. denied, 19 N.Y.3d 961 (2012).

The instant petition ("Pet.") followed, raising two grounds for relief: ineffective assistance of counsel and invalid waiver of appellate rights. Pet. at 6-8. For the following reasons, Petitioner's request for habeas relief is denied.

2

## III. Discussion

### *Standard of Review*

The instant petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Conn. Superior Ct. for Jud. Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits ruling is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented, 28 U.S.C. § 2254(d)(2). Habeas petitioners have "the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith v. Sullivan, 1 F.Supp.2d 206, 211 (W.D.N.Y. 1998).

### *Habeas Corpus Petition*

#### 1. Ineffective Assistance of Sentencing Counsel

In support of his habeas petition, Petitioner argues that his attorney during the sentencing proceeding was ineffective for failing to request youthful offender status. Pet'r Mem.

3

(Dkt. # 23) at 7-8.[2]  The Appellate Division found that, "to the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea and valid waiver of the right to appeal . . . we conclude that it lacks merit." Harris, 94 A.D.3d at 1485 (citation omitted).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that in order to prevail on a claim of ineffective assistance of counsel a habeas petitioner must establish that (1) "counsel's representation fell below an objective standard of reasonableness . . . under prevailing norms," and (2) the petitioner suffered prejudice as a result of defense counsel's deficient performance. 466 U.S. at 688, 692. Under the first prong, the court must "eliminate the distorting effects of hindsight," "evaluate the conduct from counsel's perspective at the time," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." Id. at 694. "A reasonable probability is one sufficient to undermine confidence in the

---

[2] Petitioner's Memorandum raises additional, unexhausted grounds for relief based on his previous attorney's alleged ineffectiveness. Earlier in these proceedings, the Court (Arcara, D.J.) denied Petitioner's Motion for a Stay and Abeyance (Dkt. # 9) and Motion to Amend the Petition (Dkt. # 7), thereby precluding Petitioner from asserting those new claims here. (Dkt. # 15).

outcome of the trial or appeal." <u>Dunham v. Travis</u>, 313 F.3d 724, 730 (citing <u>Strickland</u>, 466 U.S. at 694).

Petitioner argued on appeal that "defense counsel apparently was operating under the misapprehension that he was precluded from asking the court to consider youthful offender treatment" for Petitioner. Pet'r App. Br. at 4.[3] Specifically, that defense counsel was "unaware that [Petitioner's] plea to an armed felony did not automatically render him ineligible for youthful offender treatment. <u>Id.</u>

The transcript reveals otherwise. Here, defense counsel, who was retained for sentencing purposes only, acknowledged that he understood the existence of a <u>Farrar</u> plea and the agreed-upon sentence. He then placed on the record:

> Mr. Eoannou: I would just like to point out, Judge, that while in school my client has received his GED, has done incredibly well in his scores, and committed all of these offense prior to the age of 19. Now, normally Judge, I would be arguing for youthful offender adjudication. I understand I am prohibited from doing that in this case.
>
> The Court: Just for the record, Mr. Harris has already had a youthful offender adjudication.

---

[3] New York's youthful offender statute excepts from the definition of "eligible youth" a person convicted of an "armed felony", which includes first-degree robbery. <u>See</u> N.Y. Crim. Proc. L. §§ 1.20(41) & 720.10. In such circumstances, youthful offender status could be afforded only if the state court found mitigating circumstances or "minor" participation on the part of the defendant. <u>Id.</u> § 720.10(3).

```
Mr. Eoannou:     That does not preclude him from the
                 second one.

The Court:       I'm just making sure that's on the
                 record as well.
```

Sentencing Tr. at 3-4.

Petitioner cannot establish either prong of the <u>Strickland</u> test on this record. In four months, Petitioner was arrested on three separate felony cases encompassing multiple charges. His initial counsel worked to secure a plea agreement to one Class B armed felony in satisfaction of all open charges, sparing Petitioner the possibility of seven additional felony convictions on his criminal record. Petitioner's new counsel reviewed the file and made the comments above for the record. <u>Id.</u> The state court reiterated that it had already committed to a definite sentence of nine and one half years, and that Petitioner had freely accepted that agreement. <u>Id.</u> This Court does not read counsel's comments that he was "prohibited" from seeking youthful offender under the statute; rather, that he was prohibited by the understanding at the time of the plea's acceptance. Indeed, counsel made his understanding of the statute clear by indicating to the state court that Petitioner's previous adjudication did not preclude another. <u>Id.</u> Significantly, counsel did not object or move to withdraw the plea, nor does Petitioner assert that he should have done so. Simply put, counsel's acknowledgement that he was bound by the plea agreement, which was ultimately

6

beneficial to Petitioner, was not objectively unreasonable under the circumstances.

Even assuming that Petitioner's sentencing counsel's failure to formally request youthful offender status was constitutionally deficient, he does not establish that he suffered prejudice as a result. Here, he availed himself of an advantageous plea resolving multiple felony counts arising from separate incidents. See Reznikov v. David, No. 05-CV-1006, 2009 WL 424742, at *8 (E.D.N.Y. Feb. 20, 2009) ("the negotiated plea agreement provided Reznikov a significant strategic benefit. That fact alone militates against any finding of ineffective assistance and belies any claim of prejudice.")(collecting cases finding lack of prejudice where petitioner received beneficial guilty pleas). In any event, there is nothing in the record before the Court that shows that Petitioner was, in fact, eligible for youthful offender status. Cf. Craft v. Kirkpatrick, No. 10-CV-6049, 2011 WL 2622402, at *7 (W.D.N.Y. July 5, 2011) (petitioner could not establish prejudice prong under Strickland where attorney failed to request youthful offender status and where presentence report indicated that the petitioner was an eligible youth); see generally N.Y. Crim. Proc. L. §§ 1.20(41)(b) & 720.10(3); Penal L. §§ 70.02(1)(a) & 160.15(2).

For these reasons, Ground One of the Petition is denied as the state appellate court's adjudication of Petitioner's

ineffective assistance of counsel claim was not contrary to, or involved an unreasonable application of <u>Strickland v. Washington</u>.

### 2.   Waiver of Appeal

As he did on appeal, Petitioner argues that his appeal waiver was invalid. Pet. at 8. On this point, the Appellate Division held that Petitioner knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea; that the County Court engaged Petitioner in an adequate colloquy to ensure that the waiver of the right to appeal was knowing and voluntary; and that his "monosyllabic affirmative responses to questioning by [the c]ourt do not render his [waiver] unknowing and involuntary." <u>Harris</u>, 94 A.D.3d at 1985 (internal quotation omitted).

Respondent contends that Petitioner did not alert the state appellate court to the constitutional nature of his claim because he did not cite to any federal law, label the claim federal, or rely upon any constitutional case law or apply a constitutional analysis. Resp't Mem. (Dkt. # 4) at 10. On appeal, Petitioner did not challenge the validity of his plea itself. Rather, relying exclusively on state law, he averred that the state court's colloquy was inadequate to ensure that his waiver of appellate rights was voluntary because it "elicited . . . monosyllabic responses to its questions." Pet'r App. Br. at 7-8.

"In New York the right to an initial appeal is provided by statute." People v. Seaberg, 74 N.Y.2d 1, 7. (1989). It is true that under New York state law, the record "must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty . . . ." People v. Lopez, 6 N.Y.3d 248, 256 (2006). But federal habeas relief is not available to redress mere errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). Petitioner did not brief this issue for habeas review, and the Court is unaware of any federal precedent standing for the proposition that the trial court must employ specific language when apprising a defendant pleading guilty of the individual rights relinquished. Accordingly, Petitioner has not alleged an error of constitutional magnitude redressable in this habeas proceeding. See Salaam v. Giambruno, 559 F.Supp.2d 292, 298 (W.D.N.Y. 2008) (finding petitioner's claim that his appellate-rights waiver was invalid because the trial court "did not ask petitioner to explain in his own words his understanding of what this waiver meant" did not state a basis for habeas relief); Nicholas v. Smith, No. 02 CV 6411, 2007 WL 1213417, at *10-11 (E.D.N.Y. Apr. 24, 2007) ("[W]hile petitioner's argument that the appeal waiver was invalid may have some basis in New York law, petitioner has not demonstrated that the

enforcement of the waiver denied him of any rights under the federal Constitution[.]").

Even assuming Petitioner raised a claim cognizable on habeas review, there is nothing in the record that indicates that the waiver was not valid.

New York allows criminal defendants to waive their right to appeal as a part of a plea agreement when the waiver is made voluntarily, knowingly, and intelligently. See People v. Bradshaw, 18 N.Y.3d 257 (2011); U.S. v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) ("a knowing and voluntary waiver of the right to appeal is generally enforceable" in the context of a direct appeal from a criminal conviction); see also Steele v. Filion, 377 F.Supp.2d 332, 334-35 (W.D.N.Y. 2005) (appeal waivers set forth in plea agreements are constitutional provided the waiver was knowing, voluntary, and intelligent). To be effective, a defendant must be informed of the nature of the right and must evidence a full understanding of the consequences of the waiver. U.S. v. Ready, 82 F.3d 551, 556-57 (2d Cir. 1996), superseded on other grounds as stated in U.S. v. Cook, 722 F.3d 477, 481 (2d Cir. 2013).

During the plea allocution, the state court asked Petitioner whether he understood that he was "giving up the right to appeal this conviction as part of this plea agreement." Plea Tr. at 10-11. The court went on to state, "I want to be certain that you

understand what is involved in waiving your right to appeal," and explained that Petitioner would be giving up his right to have any higher court look at the case for legal error, including pre-trial motions and the fairness of the sentence. Id. The court then apprised Petitioner of certain appeal rights that would not be relinquished as part of the waiver. Id. Petitioner acknowledged in the affirmative that he had the opportunity to discuss the waiver of his right to appeal with his attorney, and that he was waiving the right to appeal without any coercion from anyone and as a free and voluntary choice on his part. Id. Petitioner confirmed for the court that he wished to give up his right to appeal the conviction. Id.

Based upon the foregoing, the Court finds that the Appellate Division's determination that Petitioner's waiver of his right to appeal was knowing and voluntary was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Ground Two of the Petition is therefore denied.

## IV.  Conclusion

For the reasons set forth above, Kadeem Harris' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because Petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), the Court declines the issue of certificate

of appealability. See, e.g., Lucidore v. NYS Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. U.S., 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
                MICHAEL A. TELESCA
                United States District Judge

Dated:      February 15, 2017
            Rochester, New York